

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
JAHI HASANATI,

        Plaintiff,

-against-

ANDREW CUOMO, Attorney General New York;
GOVERNOR OF NEW YORK; KINGS COUNTY
CLERK; KINGS COUNTY SUPREME COURT,

        Defendants.
------------------------------------------------------------------ X
JAHI HASANATI,

        Plaintiff,

-against-

ANDREW CUOMO, Attorney General State of New York;
and CHARLES HYNES, District Attorney County of
Kings, New York,

        Defendants.
------------------------------------------------------------------ X

10-CV-4909 (ARR) (JMA)
10-CV-5028 (ARR) (JMA)

NOT FOR PRINT OR
ELECTRONIC
PUBLICATION

MEMORANDUM &
ORDER

ROSS, United States District Judge:

      Plaintiff Jahi Hasanati, currently incarcerated at Otis Bantum Correctional Center ("OBCC") at Rikers Island, brings these two actions pro se. Plaintiff's requests to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) are granted, and these matters are consolidated. For the reasons discussed below, plaintiff is granted 30 days leave to file a single amended complaint for both actions.

## STANDARD OF REVIEW

      In reviewing plaintiff's complaint, the court is mindful that because plaintiff is

1

proceeding pro se, his submission should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citations omitted); Erickson v. Pardus, 551 U.S. 89, 94 (2007); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C.§ 1915A. Upon review, a district court shall dismiss a prisoner complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). However, if a liberal reading of the complaint "gives any indication that a valid claim might be stated," this court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

**DISCUSSION**

Plaintiff's actions allege that various New York Penal Law statutes are unconstitutional. Plaintiff offers no factors or allegations, however, to support his claims in either action. Therefore, the court cannot allow plaintiff's claims to go forward as defendant will be unable to meaningfully respond to the instant complaints.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. See Simmons v.

2

Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.") (citation and internal quotation marks omitted); Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991).

## CONCLUSION

Accordingly, in light of this court's duty to liberally construe pro se complaints, plaintiff is given 30 days leave to file one amended complaint for both actions. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Plaintiff is directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should plaintiff elect to file an amended complaint, plaintiff is directed to name as proper defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint and provide the dates and locations for each relevant event. Even if plaintiff does not know the names of the individuals, he may identify each of them as John Doe or Jane Doe. To the best of his ability, plaintiff must describe each individual and the role he or she played in the alleged deprivation of his rights. In addition, he must set forth the factual allegations to support his claim against each named defendant, the dates and locations of all relevant events, and the relief he is seeking. Plaintiff is further directed to state if he has a pending state court or federal court criminal action, and the current status of those proceedings.

The amended complaint must be captioned as an "Amended Complaint," name all individual defendants in the caption, and bear the same docket number as this Order. No summons shall issue at this time, and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend his complaint within 30 days as directed by this order, the court shall dismiss this complaint pursuant to 28 U.S.C. § 1915A. The court certifies pursuant to 28 U.S.C.

§ 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Ross/

Allyne R. Ross
United States District Judge

Dated: November 3, 2010
Brooklyn, New York

**Service List**

   Pro Se Plaintiff:
   Jahi Hasanati
   141-10-11372
   Otis Bantum Correctional Center (OBCC)
   16-00 Hazen Street
   East Elmhurst, NY 11370


cc:  Magistrate Judge Joan M. Azrack