FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 02 2011 ★
BROOKLYN OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JAHI HASANATI,

        Plaintiff,

-against-

ANDREW CUOMO, Attorney General New York;
GOVERNOR OF NEW YORK; KINGS COUNTY
CLERK; KINGS COUNTY SUPREME COURT,

        Defendants.
------------------------------------------------------------x

JAHI HASANATI,

        Plaintiff,

-against-

ANDREW CUOMO, Attorney General State of
New York; and CHARLES HYNES, District Attorney
County of Kings, New York,

        Defendants.
------------------------------------------------------------x

NOT FOR ELECTRONIC OR
PRINT PUBLICATION

**MEMORANDUM AND ORDER**
10-CV-4909 (ARR)
10-CV-5028 (ARR)

ROSS, United States District Judge:

      By order dated November 3, 2010, the court granted plaintiff's requests to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), consolidated these matters, and granted plaintiff 30 days leave to file one amended complaint for both actions. At the time of filing, plaintiff was incarcerated at Otis Bantum Correctional Center ("OBCC") at Rikers Island, but by letter dated November 19, 2010, plaintiff informed the court that he had been transferred to the County of Miami Dade: Metrowest Detention Center in Miami, Florida. Therefore, by order dated December 28, 2010, the

court directed the Clerk of Court to resend the court's prior orders to plaintiff at his current address. By letter motion dated January 19, 2011, plaintiff sought a thirty day extension of time to file an amended complaint. By order dated February 15, 2011, the court granted plaintiff an additional thirty (30) days to file an amended complaint. On March 21, 2011, the court received plaintiff's amended complaint, which is dated March 7, 2011. For the reasons discussed below, the court dismisses these actions.

## STANDARD OF REVIEW

In reviewing plaintiff's amended complaint, the court is mindful that because plaintiff is proceeding pro se, his submission should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citations omitted); Erickson v. Pardus, 551 U.S. 89, 94 (2007); McEachin v. McGuinnis, 357 F.3d 197, 200-01 (2d Cir. 2004). Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C.§ 1915A. Upon review, a district court shall dismiss a prisoner complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).

## DISCUSSION

In plaintiff's amended complaint, he challenges the constitutionality of New York Penal Law § 120.05, assault in the second degree, and various New York Criminal Practice Laws pertaining to the arrest of an accused individual. Amend. Compl. at 1. Although unclear, it appears that at some

2

time in 2010, an arrest warrant was issued for plaintiff in Florida. Amend. Compl. at 2. Plaintiff appears to allege that, on July 23, 2010, he was arrested by "three New York City Agents acting on a local warrant of Miami-Dade County, Florida, which was procured in violation of Section(s) 905.34(3) and 901.02(1) Florida Statutes." Amend. Compl. at 2. He argues that

> [t]here is no evidence in the Constitution that the statutes are authorized to operate on Jahi as a human-being. There is no evidence in the Constitution that Section 120.05 of the NYS Penal Law is an authorized crime. The statute section 120.05 NYS Penal Law vastly exceeds the three crimes enumerated in the Constitution. The statutes do not include, mention or in any many [sic] refer to the name of the natural human-being Jahi Hasanati or any derivative thereof. The statutes fail to identify the grantor of a priviledge [sic] and, failed to say what benefit Jahi received that caused any responding duty.

Amend. Comp. at 3-4, ¶¶ a-e. Plaintiff seeks declaratory relief. Amend. Comp. at 5.

A complaint is frivolous when, among other things, it "is based on an indisputably meritless legal theory," i.e., it "lacks an arguable basis in law." Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999) (quoting Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998)). Plaintiff's allegations in his amended complaint lack an arguable basis in law. His arguments that these statutes are unconstitutional because, inter alia, the United States Constitution does not specifically refer to plaintiff by name, and therefore the laws don't apply to him, or that assault in the second degree is not a crime, are indisputably meritless.

## CONCLUSION

Accordingly, these actions are dismissed as frivolous. 28 U.S.C. § 1915A(b). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status for each action is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

3

SO ORDERED.

/Signed by Judge Ross/

ALLYNE R. ROSS
United States District Judge

Dated: May 2, 2011
       Brooklyn, New York